

| | | |
|---|---|---|
| **TO:** | | Vanessa Andros<br>Dex Media Inc.<br>2200 W Airfield Drive<br>Grapevine, TX 76051 |
| **RE:** | | **Process Served in Delaware** |
| **FOR:** | | Dex Media, Inc.  (Domestic State: DE) |

# Service of Process Transmittal
09/17/2015
CT Log Number 527831277

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Julie Pasicznyk, Pltf. vs. Dex Media, Inc., etc., and Dex One Service, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand |
| **COURT/AGENCY:** | None Specified<br>Case # NONE |
| **NATURE OF ACTION:** | Employee Litigation - Whistle Blower's Act |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/17/2015 at 11:10 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days of the date on which you received this summons |
| **ATTORNEY(S) / SENDER(S):** | Barbara J. Felt<br>Halunen Law<br>1650 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>612-605-4098 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification,  Vanessa Andros  vanessa.andros@dexmedia.com<br><br>Email Notification,  Sherry Ake  Sherry.Ake@dexmedia.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Page 1 of  1 / SW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF MINNESOTA                                        DISTRICT COURT

COUNTY OF HENNEPIN                                        FOURTH JUDICIAL DISTRICT

---

| | |
|---|---|
| Julie Pasicznyk, | Court File No.: _____<br>Case Type: 7 – Employment |
| Plaintiff, | |
| v. | **SUMMONS** |
| Dex Media, Inc.,<br>formerly Dex One Corporation, and<br>Dex One Service, Inc., | |
| Defendants. | |

---

THIS SUMMONS IS DIRECTED TO DEFENDANT DEX MEDIA, INC., formerly DEX ONE CORPORATION, AND DEX ONE SERVICE, INC., AND ITS REGISTERED AGENT OF SERVICE, CT Corporation, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801; Telephone: (302) 658-7581:

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    HALUNEN LAW
    1650 IDS Center
    80 South Eighth Street
    Minneapolis, MN 55402
    Telephone: 612-605-4098
    Facsimile: 612-605-4099

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree

with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: September 15, 2015          HALUNEN LAW

*Barbara J. Felt*
Clayton Halunen, MN Atty. No. 219721
Barbara J. Felt, MN Atty. No. 228564
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099
halunen@halunenlaw.com
felt@halunenlaw.com

*ATTORNEYS FOR PLAINTIFF*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Julie Pasicznyk,

    Plaintiff,

v.

Dex Media, Inc.,
formerly Dex One Corporation, and
Dex One Service, Inc.,

    Defendants.

Court File No.: _____
Case Type: 7 – Employment

**COMPLAINT AND
JURY DEMAND**

Plaintiff, Julie Pasicznyk ("Plaintiff"), for her Complaint against Defendant Dex Media, Inc., formerly Dex One Corporation, and Dex One Service, Inc. (collectively "Dex Media" or "Defendant"), states and alleges as follows:

## PARTIES

1. Plaintiff is a 62 year old female resident of the City of Wayzata, County of Hennepin, State of Minnesota.

2. At all times relevant hereto, Plaintiff was employed by Dex Media, Inc., a Delaware Corporation, and Dex One Service Inc., a Delaware corporation, authorized to conduct business and conducting business in the State of Minnesota.

## JURISDICTION AND VENUE

3. This is an action brought to remedy discrimination based on age and gender, as well as retaliation for whistleblower reports and use of FMLA leave, which resulted in alteration of the terms and conditions of Plaintiff's employment, and to address injuries suffered by

Plaintiff pursuant to the Minnesota Human Rights Act ("MHRA"), the Minnesota Whistleblower Act ("MWA"), and the Family and Medical Leave Act ("FMLA").

4. The jurisdiction of this Court is invoked as the violations occurred in the State of Minnesota and involve violations of the MHRA and the MWA. Venue is proper as relevant actions occurred in the County of Hennepin.

## FACTS

5. Plaintiff was initially hired by Dex Media (through a predecessor company, Northwestern Bell) in July 1979. Plaintiff performed well, steadily advanced, and was repeatedly promoted within the company.

6. In 1990, Plaintiff was promoted to a District Sales Manager III position for Dex Media, a position she held, and excelled in, until January 2015.

7. At all times relevant in 2014 and in early January 2015, Plaintiff was supervised by Matt Carroll, Regional Sales Director for Defendant's Greater Minneapolis St. Paul Area.

8. Plaintiff was consistently one of Defendant's top performers and throughout her employment, no performance issues or concerns were ever raised. Rather, Plaintiff was repeatedly praised for her performance, contributions to the company, and leadership.

9. Plaintiff was among Defendant's top performers in her region again in 2014. In fact, in her last few months of working at Defendant, Plaintiff was ranked the fourth highest Sales Director in the country in Defendant's "Punta Cana" report of year-end rankings. Plaintiff was rated fourth out of the 319 sales managers.

10. On November 20, 2014, on Plaintiff's 35th anniversary with Defendant, Regional Sales Director Matt Carroll lauded Plaintiff for her tremendous impact on the company and her leadership.

11. On or about December 11, 2014, as Plaintiff was on her way out of town for a planned vacation, she received a phone call from Matt Carroll, advising her that she was being demoted to a non-management sales representative position, allegedly due to a business reorganization. Carroll told Plaintiff that she would be working as Senior Sales Prem. A (one of the positions that previously reported to her), and told her he was "sorry" about this news.

12. Despite Plaintiff's many requests for an explanation about the reasons for this demotion, Plaintiff was never provided with any explanation.

13. Plaintiff was not told when this change would go into effect.

14. Plaintiff was not advised of or offered any information about any open sales manager positions in other areas.

15. Beginning in the first week of January 2015, and continuing to the end of her employment with Dex Media, Dave Moore, Defendant's Vice President – National Sales & Training, became Plaintiff's supervisor.

16. Plaintiff was scheduled to return from her vacation on January 6, 2015.

17. On or about January 6, 2015, Plaintiff sought medical treatment due to depression and anxiety, and her physician immediately removed her from work. Plaintiff was subsequently approved for several FMLA leaves and short-term disability, and was thus out of work from about January 7, 2015 to her return to work in June 2015.

18. In a conversation with Dave Moore on or about January 6, 2015, Plaintiff asked Moore what the criteria were for determining which employees would be awarded the remaining sales manager positions. Moore responded that the criteria were (1) leadership, (2) digital results, (3) ranking within the company, and (4) sales ability.

19. Plaintiff reminded Moore that she was the top rated District Sales Manager in all these categories, a fact that Moore did not dispute.

20. Moore stated that he had not made this decision, that this was not up to him, and that he did not know how or why she had been chosen for demotion. Plaintiff has never received a response as to why she was demoted.

21. Plaintiff later learned that, on December 10, 2014, Del Humenik, Defendant's Chief Revenue Officer, held a conference call with the sales managers who were retained in their jobs, and told them the company retained the "top 10 percent" of them and that they were "hand picked."

22. Plaintiff's sales manager duties were given to Craig Robley and Michelle Lyke, both significantly younger than Plaintiff. Robley had just four months experience in management, and Plaintiff had been involved in training him. Lyke had recently moved to the Metro Region and her only experience as a manager had been in a small market.

23. As to all stated selection criteria, Plaintiff far out-scored both Robley and Lyke. Yet Robley and Lyke were both awarded sales manager positions over Plaintiff.

24. On or about January 16, 2015, Defendant announced the winners of the travel incentive trip to Punta Cana, Dominican Republic. Plaintiff was one of the employees who, as a result of her excellent results in 2014, earned this award. The trip was for Plaintiff and a guest, departing on March 15, 2015.

25. However, when Plaintiff's manager, Dave Moore, emailed a list of Punta Cana winners to his team on January 21, 2015, Plaintiff's name was no longer on the list. Moore never responded to Plaintiff's email request for an explanation. Nor did he forward to Plaintiff the

information and planning materials that each selected employee had to submit in order to take the trip.

26. On or about May 28, 2015, Plaintiff notified Dave Moore and Craig Robley, as well as Felicia Neals, Human Resources Business Partner, that she was returning to work from her FMLA leave on June 18, 2015. When Plaintiff received no response to her email, she again emailed Moore and Neals to assure that they had received her written notice and would be ready for her return to work. Plaintiff also asked Moore what her position and income would be upon her return. She again received no answer. Finally, Neals responded to Plaintiff that Moore would talk to her when she was back at the office.

27. On June 17, 2014, Plaintiff texted Craig Robley and asked if he was going to be in the office tomorrow when she returned. Robley's text response was "no." Plaintiff then called Robley and asked what she was supposed to do. Robley responded by complaining to Plaintiff that he was stressed and could not sleep.

28. When Plaintiff returned to work at the office on June 18, 2015, she found that her computer had been removed during her leave. Further, she had no access to any other computer, no access to her account lists or sales information, and no access to company training programs.

29. Plaintiff called Moore, who told Plaintiff that someone else would set her up with a computer, which never happened. Moore also told Plaintiff to use her time for online training, which she was unable to access without a computer.

30. Moore further told Plaintiff that her base salary had been cut to $26,000 per year – a stunning reduction from her prior base salary of $98,000.

31. As Defendant had forced her out of her job, her accounts, her office equipment, her base income, and her ability to earn commissions, on June 22, 2015, Plaintiff submitted her written resignation to Dave Moore, with her two-week notice.

32. Plaintiff was constructively discharged by Defendant.

33. On many occasions in the months prior to her demotion, Plaintiff had been questioned by manager Matt Carroll, her Senior Regional Sales Director, about her retirement plans. Carroll asked Plaintiff how long she planned to stay. Plaintiff repeatedly responded that she needed to work and planned to continue working for Defendant until her retirement.

34. In fact, Plaintiff's position as a District Sales Manager III was not eliminated, but her duties and accounts were re-assigned to two significantly younger, much less qualified employees, Robley and Lyke.

35. Plaintiff further learned that Defendant's long-standing policy and practice of offering severance to employees who were demoted had been eliminated shortly before her demotion, without notice to Plaintiff or her fellow employees.

36. Prior to notice of her demotion, Plaintiff had repeatedly objected to and reported misrepresentations made to media customers who had purchased internet search packages which offered leads from Google, Yahoo, and Bing, in addition to Dex Media. Customers were told that 80 to 85 percent of all searches were made on Google and were led to believe that their packages were primarily Google.

37. Plaintiff learned, however, that in a number of situations, Defendant bought cheaper products and spent little or none of the clients' budgets on Google, thus pocketing funds that should have been spent for the services the customer had ordered and was billed for.

38. Plaintiff complained to her manager, Matt Carroll, and others with Defendant that these representations were fraudulent.

39. Plaintiff also reported and objected to the misreporting of advertising billing from discontinued media following the merger with SuperMedia. After the merger, overlapping areas were phased off of SuperMedia's books and digital products were shifted to Dex Media. But when these billing numbers were written off SuperMedia's books, Dex Media reported the transferred money as new income "NNI." Such reporting was misleading to investors as this was not new revenue, but nevertheless represented that the company was bringing in new revenue.

40. Plaintiff reasonably believed that misreporting revenue in this manner was fraudulent and in violation of state and federal laws, including The Sarbanes-Oxley Act of 2002 ("SOX), 15 U.S.C. §§ 7201 *et seq.*, as years earlier, after this problem arose in one of Dex Media's predecessor companies, Qwest, and, as a result, the company provided extensive training about Sarbanes-Oxley obligations to its employees, including Plaintiff.

41. Plaintiff raised concerns about this misreporting in early December 2014 to Sales Director Matt Carroll, who told Plaintiff, "we don't need to bring this up."

42. Additionally, Plaintiff had objected that her manager was engineering the success of newly hired younger male employees by hand picking and supplying them with high value FSM (former SuperMedia) leads, to the exclusion of Senior Prem A consultants.

43. It was shortly after Plaintiff made these reports that she was informed she was being demoted. This demotion resulted in a substantial loss of income and commission to Plaintiff.

44. Defendant demoted Plaintiff and slashed her income to force her out of her job at Dex Media.

45. As a direct and proximate result of Defendant's illegal conduct, Plaintiff was constructively discharged from her employment in June 2015.

46. Plaintiff has suffered, and will continue to suffer, emotional distress, embarrassment, humiliation, loss of self-esteem, and loss of reputation. Plaintiff has further sustained loss of earnings, loss of benefits and has incurred and will continue to incur other related damages.

## COUNT ONE
## AGE DISCRIMINATION
## IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

47. Defendant, through its managers and officials acting on behalf of Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et. seq. These practices include, but are not limited to, taking adverse action against Plaintiff, which materially affected the terms, conditions, and privileges of her employment because of her age.

48. Plaintiff's age was a motivating factor in her constructive discharge.

49. Defendant failed to take all reasonable steps to prevent the discrimination based upon Plaintiff's age from occurring.

50. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

51. The unlawful employment practices complained above were intentional and were performed by Defendant with malice and/or reckless indifference to anti-discrimination laws, which protect Plaintiff.

52. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other similar damages.

## COUNT TWO
## GENDER DISCRIMINATION
## IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

53. Defendant, through its managers and officials acting on behalf of Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et. seq. These practices include, but are not limited to, taking adverse action against Plaintiff, which materially affected the terms, conditions, and privileges of her employment because of her gender.

54. Plaintiff's gender was a motivating factor in her constructive discharge.

55. Defendant failed to take all reasonable steps to prevent the discrimination based upon Plaintiff's gender from occurring.

56. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her age.

57. The unlawful employment practices complained above were intentional and were performed by Defendant with malice and/or reckless indifference to anti-discrimination laws, which protect Plaintiff.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other similar damages.

## COUNT THREE
## VIOLATIONS OF THE MINNESOTA WHISTLEBLOWER ACT

Plaintiff realleges each and every paragraph of this Complaint.

59. The Minnesota Whistleblower Act ("MWA") prohibits retaliation against employees for making good-faith reports of violations of law. Minn. Stat. § 181.932, Subd. 1 provides:

   a. An employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

      i. the employee ... in good faith, reports a violation, suspected violation, or planned violation of any federal or state law or common law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official;

      ii. ......

      iii. the employee refuses an employer's order to perform an action that the employee has an objective basis in fact to believe violates any state or federal law or rule or regulation adopted pursuant to law, and the employee informs the employer that the order is being refused for that reason.

60. Plaintiff reported to Defendant what she reasonably and in good faith believed to be violations of federal law, state law and/or common law, including but not limited to, fraudulent misrepresentations made by Defendant to media customers who purchased internet leads from Google, Yahoo, and Bing, in addition to Defendant. Customers were told that 80 to 85 percent of all searches were made on Google, and were led to believe that their premium packages included Google. However, in many cases, cheaper products were purchased by Defendant and Defendant spent none of its budget on Google.

61. Plaintiff also objected to Defendant's misreporting of financial data. Following the merger with SuperMedia, Defendant intentionally labeled advertising billing from

discontinued media as "new income" rather than transferred funds, thus misleading investors to believe this was new revenue, which it was not. In response to Plaintiff's objection, her manager told her not to bring this up.

62. The laws which Plaintiff believed Defendant violated include, but are not limited to, The Sarbanes-Oxley Act of 2002 ("SOX), 15 U.S.C. §§ 7201 *et seq., and* common law fraud.

63. Defendant retaliated against Plaintiff as a result of her reported objections by demoting her and constructively terminating her employment.

64. The adverse employment actions as alleged herein constitute violations of the MWA, Minn. Stat. §§ 181.931 *et seq.*

65. The unlawful employment practices complained of above were intentional and were performed by Defendant with malice and/or with reckless indifference to the laws that protect Plaintiff.

66. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## COUNT FOUR
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

67. Defendant, engaged in unlawful employment practices involving Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* These practices include, but are not limited to, taking adverse action against Plaintiff, which materially affected the terms, conditions, and privileges of her employment, because she applied for and took FMLA leave.

68.     Plaintiff was discriminated and retaliated against in the terms, conditions and privileges of her employment after she exercised her FMLA rights.

69.     The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to the laws which protect Plaintiff.

70.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, loss of reputation, and other serious damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

a.     That the practices of Defendant complained of herein be adjudged decreed, and declared to be a violation of the rights secured to Plaintiff by state law.

b.     That Defendant be required to make Plaintiff whole for its adverse actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c.     That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

d.     That Plaintiff be awarded compensatory damages in an amount to be established at trial.

e.     That Plaintiff be awarded front pay and the monetary value of any employment benefits she would have been entitled to in that position as an employee for Defendant.

f.     That the Court award Plaintiff her attorney's fees, costs and disbursements pursuant to state and federal statute.

g.     That Plaintiff be awarded treble damages as permitted by statute.

h.     That the Court grant such other and further relief as it deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated this 16th day of September, 2015

HALUNEN LAW

*Barbara J. Felt*
Clayton D. Halunen, #219721
Barbara J. Felt, #228564
1650 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 605-4098
Facsimile:  (612) 605-4099

*ATTORNEYS FOR PLAINTIFF*

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated this 16th day of September, 2015

*Barbara J. Felt*
Barbara J. Felt

13